UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA COLE, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | No. 09 C 4832 |
| ) | Hon. Marvin E. Aspen |
| CYNTHIA A. BELL, ) | |
| ) | |
|     Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Cynthia A. Bell's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). According to her complaint, plaintiff Linda Cole suffered injuries in an August 2007 car accident allegedly caused by Bell in Clayton County, Georgia. (Compl. ¶¶ 7–10, 14.) Bell contends that Cole's complaint should be heard in the appropriate federal district court in Georgia.[1] (Mot. ¶¶ 1–2, 5; Br. ¶¶ 1–7.) Notably, Cole did not respond to the pending motion.

According to § 1404(a), a court may, for the convenience of parties and witnesses or in the interests of justice, transfer any civil matter to another district where venue is proper. Courts employ a three-part test in determining whether to transfer a case under § 1404(a). *See, e.g.*, *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 n.3 (7th Cir. 1986); *Morton Grove Pharms., Inc. v. Nat'l Pediculosis Ass'n*, 525 F. Supp. 2d 1039, 1044 (N.D. Ill. 2007). Thus, a court may transfer such a case if the moving party shows that: (1) venue is proper in the district where the action was originally filed; (2) venue and jurisdiction would be proper in the transferee district;

---

[1] As the accident occurred in Riverdale, Georgia, an Atlanta suburb, the appropriate district court would appear to be the Northern District of Georgia.

and (3) the transfer will serve the convenience of the parties and witnesses as well as the interests of justice. *Coffey*, 796 F.2d at 219 n.3; *Morton Grove Pharms.*, 525 F. Supp. 2d at 1044; *Sanders v. Franklin*, 25 F. Supp. 2d 855, 857 (N.D. Ill. 1998). The weight afforded to each of these factors is left to the discretion of the court. *Coffey*, 796 F.2d at 219 ("The weighing of factors for and against the transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge."). Based on our review of the complaint, there appears to be no question that both this district and the proposed transferee district in Georgia are appropriate. *See* 28 U.S.C. § 1391(a). Thus, as the moving party, Bell must demonstrate "that the transferee forum is clearly more convenient." *Id.* at 219–20.

## A.    *Private Interests*

When evaluating the convenience of the parties and witnesses, the court considers the following private interests: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses." *Morton Grove Pharms,*, 525 F. Supp. 2d at 1044. The plaintiff's choice of forum is generally given great deference, especially where, as here, it is the plaintiff's home forum. *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995); *Dunn v. Soo Line R.R. Co.*, 864 F. Supp. 64, 65 (N.D. Ill. 1994); *FUL Inc. v. Unified Sch. Dist. No. 204*, 839 F. Supp. 1307, 1311 (N.D. Ill. 1993); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252 (1981) (noting in *forum non conveniens* analysis that "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum"). Nonetheless, this deference is not absolute; indeed, "where the plaintiff's choice of forum is not

the site of material events, [it] is entitled less deference." *First Nat'l Bank v. El Camino Res., Ltd*, 447 F. Supp. 2d 902, 912 (N.D. Ill. 2006); *see also In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (acknowledging that plaintiff's choice "should rarely be disturbed" but adding that "[r]arely, however, is not never"). In this case, the situs of material events is Georgia, where the accident occurred, where Bell's alleged negligence took place, and where Cole received initial medical treatment. (Mot. ¶ 5.) *Rugamboa v. Rengenga*, No. 06 C 1142, 2007 WL 317035, at *1 (N.D. Ill. Jan. 30, 2007) (transferring case because the material events—including the car accident, the conduct leading up to it, the resulting injuries, and related emergency medical treatment—all occurred in Michigan); *Toriumi v. Ritz-Carlton Hotel Co.*, No. 06 C 1720, 2006 WL 3095753, at *1 (N.D. Ill. Oct. 27, 2006) (transferring case where the injury occurred at a hotel in Michigan, along with any alleged negligent conduct); *Childress v. Ford Motor Co.*, No. 03 C 3656, 2003 WL 23518380, at *3 (N.D. Ill. Dec. 17, 2003) (transferring case to Missouri, where the car accident occurred); *see Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960–61 (N.D. Ill. 2000) (transferring case to New York and stating that plaintiff's "choice becomes only one of the many factors" considered where that choice "has no significant connection to [the] claim"). Accordingly, we conclude that Cole's choice of an Illinois forum is not entitled to its usual deference, particularly because she failed to defend this choice by responding to Bell's motion. We similarly conclude that Cole will not be terribly inconvenienced by a transfer; we assume that she would have filed a response if she intended to object to proceeding in Georgia.

Turning then to consider the access to proof and convenience of potential witnesses, we find that these factors favor a transfer to Georgia. Bell has identified several sources of

potentially relevant documents located in Georgia, such as police and emergency medical reports. (Br. ¶¶ 3–4.) Cole has not described any sources of documentation in Illinois.

For witnesses, Cole would presumably call her sister, Kimberly, who drove the car involved in the crash, along with the other passengers. It appears that these individuals are either immediately family or otherwise close to Cole, as they reside at the same Chicago address. (Br., Ex. A, Accident Report.) "As a practical matter, it is usually assumed that witnesses within the control of the parties will appear voluntarily." *Am. Family Ins. v. Wal-Mart Stores, Inc.*, No. 02 C 8017, 2003 WL 1895390, at *2 (N.D. Ill. Apr. 17, 2003); *see Childress*, 2003 WL 23518380, at *4. On the other hand, and as Bell points out, there are several non-party witnesses residing in Georgia, including police and fire personnel who responded to the accident, the initial health care providers, and an eyewitness. (Br. ¶¶ 2–4, 7.) The convenience of such non-party witnesses is more relevant than the convenience of party witnesses, and is often the most important factor in our analysis; their live testimony is of course desired and yet they have not voluntarily involved themselves in these proceedings. *Morton Grove Pharms.*, 525 F. Supp. at 1045 (citing *First Nat'l Bank*, 447 F. Supp. 2d at 913); *see also Childress*, 2003 WL 23518380, at *4. Moreover, these individuals fall outside our subpoena power and we lack the authority to compel their testimony at an Illinois trial. *See* Fed. R. Civ. P. 45; *Childress*, 2003 WL 23518380, at *4. As a result, we conclude that transfer to Georgia would be appropriate for the convenience of Bell and the non-party witnesses and for the collection of other evidence.

**B.**     ***Public Interests***

Finally, § 1404(a) requires the court to weigh the interests of justice. *Coffey*, 796 F.2d at 220–21. In evaluating the interests of justice, we consider factors related to the efficient

functioning of the courts. *Id.* at 221. For example, we may consider "the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *First Nat'l Bank*, 447 F. Supp. 2d at 912; *see Amoco Oil Co.*, 90 F. Supp. 2d at 960–61.

Judicial caseload statistics indicate that this case will be tried or otherwise resolved in approximately the same amount of time in either the Northern District of Georgia or here. *See Federal Court Management Statistics 2008*, District Courts, Admin. Office of the U.S. Courts, *available at* http://www.uscourts.gov/cgi-bin/cmsd2008.pl. Thus, the likely speed of the proceedings does not affect our analysis. The third public interest factor, however, supports the requested transfer.[2]

"Resolving litigated controversies in their locale is a desirable goal of the federal courts." *Toriumi*, 2006 WL 3095753, at *4 (quoting *Doage v. Bd. of Regents*, 950 F. Supp. 258, 262 (N.D. Ill. 1997)). Because this case arose from events taking place in Georgia, involves a Georgia defendant, and "implicates witnesses and evidence that are located there," Georgia has a prevailing interest in resolving this litigation. *Toriumi*, 2006 WL 3095753, at *4; *see Rugamboa*, 2007 WL 317035, at *3 ("Because the accident occurred on a Michigan road, was investigated by Michigan law enforcement and involved Michigan emergency medical personnel, the State

---

[2] Although we do not decide the issue at this time, given the tip of the scales in favor of transfer, it seems likely that Georgia law will govern this matter. Using Illinois' choice-of-law principles for a tort case, as we must, we "apply the local law of the place of the injury unless Illinois has a more significant relationship with the occurrence and with the parties." *Rugamboa*, 2007 WL 317035, at *3 (quoting *Vickrey v. Caterpillar*, 146 Ill. App. 3d 1023, 1025, 497 N.E.2d 814, 816 (4th Dist. 1986)); *see also Toriumi*, 2006 WL 3095753, at *3 (noting that "[a]lthough tort law is not extraordinarily complex, a [Georgia] court will have more familiarity with [Georgia] tort law that would this Court"). The sparse record before us does not reveal any such significant relationship between Illinois, this accident, and the parties.

has a substantial interest in the resolution of this case."); *Childress*, 2003 WL 23518380, at *6 ("The automobile accident, injuries, and most of the material events at issue occurred" in Missouri and it thus follows that "the citizens of Missouri have a compelling interest in resolving the matter."). Although Illinois "has an interest in providing its residents with a forum for redressing their injuries, Illinois' interest is subordinate to that of" Georgia under these circumstances. *Toriumi*, 2006 WL 3095753, at *4.

## CONCLUSION

For the reasons set forth above, we grant Bell's Motion to Transfer Venue. The Clerk of the Court is ordered to transfer this case to the Northern District of Georgia. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Dated: December 7, 2009